UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OSCAR GUILLEN, SR., | ) |
| Plaintiff, | ) |
| vs. | ) NO. 2:06-cv-0078 PS |
| JOHN DRAGOMER, *et al.*, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Oscar Guillen, a prisoner confined at the Westville Correctional Unit, submitted an application to file this complaint without full prepayment of fees and costs pursuant to 28 U.S.C. § 1915. A prisoner may not "bring a civil action or appeal a judgment in a civil action under . . . (§ 1915) . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Northern District of Indiana establish that the disposition of five cases filed by Guillen qualify as "strikes" within the meaning of § 1915(g):

(1) 2:02-cv-435, dismissed December 6, 2002;

(2) 2:05-cv-355, dismissed December 12, 2005;

(3) 2:05-cv-412, dismissed December 12, 2005;

(4) 3:05-cv-271, dismissed October 28, 2005.

Additionally, the records of the United States Court of Appeals for the Seventh Circuit, in combination with district court records, confirm that the disposition of one appeal filed by Mr.

Guillen qualifies as a "strike" within the meaning of 1915(g):

>    (5) No. 97-1360, Lack of Jurisdiction, dismissed April 15, 1997.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). This complaint deals with events that occurred at the Lake County Jail before Mr. Guillen was committed to the Indiana Department of Correction and are related to events that occurred years ago. Nothing in the complaint qualifies as an allegation that he is currently under imminent danger of serious physical injury. Accordingly, 28 U.S.C. § 1915(g) mandates that the Court deny Mr. Guillen leave to proceed *in forma pauperis*. Mr. Guillen may still proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the Court **DENIES** the plaintiff leave to proceed *in forma pauperis*; affords him to and including **May 22, 2006**, within which to pay the $250.00 filing fee; and advises him that if he does not pay the filing fee by that date, his complaint may be dismissed without further notice without affecting his obligation to pay the filing fee.

**SO ORDERED.**

ENTERED: April 20, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT